# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **FREDERICK O. SILVER,**<br><br>Plaintiff,<br><br>v.<br><br>**SYNCHRONY BANK,**<br><br>Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:22-cv-00578-DBB-JCB<br><br>District Judge David Barlow<br><br>Magistrate Judge Jared C. Bennett |

   This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is pro se Plaintiff Frederick O. Silver's ("Mr. Silver") motion for a preliminary injunction.[2] For the reasons set forth below, the court recommends denying Mr. Silver's motion.

   Mr. Silver's motion for a preliminary injunction should be denied because he fails to satisfy the required elements for issuance of such an injunction. To be entitled to a preliminary injunction under Fed. R. Civ. P. 65, the moving party must establish the following four elements: "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely

---

[1] ECF No. 8.

[2] ECF No. 26.

affect the public interest."[3] "Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal."[4]

Although Mr. Silver recognizes the elements required to obtain a preliminary injunction, he falls well short of satisfying those elements. As to the first required element, Mr. Silver fails to provide an element-by-element analysis establishing his likelihood of success on his asserted claims. Additionally, he fails to provide any supporting facts, evidence, or argument. Instead, here merely states in a conclusory fashion that he "has a strong likelihood of success on the merits" of his claims.[5] For that reason alone, Mr. Silver's motion should be denied,[6] and the court need not address the remaining elements.[7] However, even if the court were to address the

---

[3] *Dine Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (quotations and citation omitted).

[4] *Id.* (quotations and citation omitted).

[5] ECF No. 26 at 2.

[6] *Escobar v. Mora*, No. 06-CV-01222-CMA-KLM, 2011 WL 588710, at *5 (D. Colo. Jan. 7, 2011) (concluding that the plaintiff failed to show that he had a substantial likelihood of succeeding on the merits of his claims because he "merely state[d] that his 'likelihood of winning judgment in this action is overwhelming,'" which was "clearly inadequate" to support a motion for a preliminary injunction (citation omitted)), *report and recommendation adopted*, No. 06-CV-01222-CMA-KLM, 2011 WL 588211 (D. Colo. Feb. 9, 2011); *Johnson v. Miller*, No. CIV-09-263-C, 2009 WL 2591681, at *2 (W.D. Okla. Aug. 20, 2009) (concluding that the plaintiff's motion for a preliminary injunction failed to show a substantial likelihood of success on the merits of his claims because he "provided no evidence, other than his own conclusions, in support of his claim").

[7] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22-24 (2008) (recognizing that the failure to establish one of the four preliminary injunction elements obviates the need to address the other elements); *Highlands Ranch Neighborhood Coal. v. Cater*, No. 16-CV-01089-RM, 2016 WL 8737775, at *6-7 (D. Colo. Dec. 7, 2016) (denying the plaintiff's motion for a preliminary injunction for failure to establish one of the four required elements and concluding that the court need not decide whether the plaintiff met its burden on the other three elements).

remaining elements, it would conclude that Mr. Silver fails to satisfy them because his arguments on those elements are likewise conclusory.[8]

In sum, Mr. Silver's unsupported assertions are woefully insufficient to support his request for the extraordinary relief of a preliminary injunction. Therefore, the court HEREBY RECOMMENDS that Mr. Silver's motion for a preliminary injunction[9] be DENIED.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[10] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[11] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 12th day of April 2024.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[8] *Andrews v. Andrews*, 160 F. App'x 798, 799 (10th Cir. 2005) (recognizing that the right to injunctive relief must be clear and unequivocal and concluding that the plaintiffs' "rambling, vague, and conclusory submissions" did not satisfy that standard because it was "not possible to gauge in a meaningful way any one of" the elements for injunctive relief, "much less conclude with the requisite conviction that they collectively warrant the relief requested"); *Blango v. Thornburgh*, 942 F.2d 1487, 1493 (10th Cir. 1991) (concluding that the district court did not abuse its discretion in denying the petitioner's request for a preliminary injunction because the "[p]etitioner's arguments to the district court in support of his request" on all four elements "were merely conclusory reiterations of the requirements for an injunction couched in the form of declarative statements").

[9] ECF No. 26.

[10] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[11] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).